Wright, J.
The facts necessary to the understanding of the point decided are these :
John R. Pratt, husband of Marianna Pratt, died leaving, among other property, two lots of laud upon which subsisted a purchase-money mortgage. The administrators instituted proceedings in the Probate Court to sell land. The widow, Marianna Pratt, was assigned dower in all the real estate, other than that covered by the purchase-money mortgage, which was ordered to be sold free of dower. All the land was ordered to be sold to pay the debts.'
At this juncture an arrangement was effected between the administrator and heirs, by which a certain tract, in which Marianna had already received her dower, was sold, the proceeds of which, with other moneys of the estate, liquidated all the debts, including that represented by the purchase-money mortgage. It appears from the pleadings that the land in which dower is now sought, was not worth the amount of the mortgage debt, and sold for a less sum, .and in the Probate Court the widow made no application for dower in these premises, whether because the right was deemed worthless or not, does not appear.
It will be seen, therefore, that Marianna Pratt has had her dower in all the other real estate of her husband, save these two lots. That practically, with' money arising out of the sales of land, in which she had been so endowed, the mortgage had been paid and the lots relieved of the incumbrance. Thereupon she asks dower although the incumbrance was greater than the value of the property. Th^ District Court held that she was entitled to dower to the full extent of the land, as though no mortgage existed. It has already been held that in case of a purchase-money mortgage, the widow is entitled to dower, not in the whole property, but only in the surplus after paying the mortgage debt. Culver v. Harper, ante, page 464; State Bank v. *516 Hinton, 21 Ohio St. 509. This is the rule as regards the rights pertaining to the purchase-money mortgage, and those claiming under that instrument. Where other interests exist, other considerations may perhaps arise.
If, therefore, this property had been sold under the purchase-money mortgage, the right of dower would be limited to the surplus.
In this case, however, by an arrangement between the administrators and-dreirs, their property was sold, and thus the mortgage was paid. This, it is claimed, lets in the-widow to dower in the whole premises, as if the mortgage had never existed, or had been paid by the husband in his. lifetime.
As before stated, proceedings had been instituted in the-Probate Court to sell all the land of the intestate. Had these proceedings resulted in an actual sale of the mortgaged property to pay the mortgage debt, there is no question but that the widow’s dower would have been in the surplus only. The satisfaction of the mortgage was accomplished by the co-operation the heirs and administrators with the sanction of the court. To allow this action to create in the widow a right, which without it did not exist, or at least was valueless, is at the best inequitable.
Had she, at the time dower was originally assigned, set up the claim she now does; had she insisted that the mortgage must be paid, in order that she might be endowed of the property as though it were unincumbered, it certainly would have caused some modification of the rights she subsequently secured and now holds. All parties then seemed to think that her interest in this property was practically nothing, by reason of the incumbering mortgage rendering the property itself worthless. Proceeding upon this idea, she received her full share, out of other lands, and we can not see the propriety of her now departing from the idea which gave her dower, to the injury of those so giving it.
If she had rights in equities, they were equities existing at the time of her husband’s death. When he died he had *517 but an equity of redemption; he owned the estate, subject to the mortgage debt, and of this alone was she dowable, .and in giving her dower in the whole premises the District •Court erred.

Judgment of District Court reversed.

Scott, Chief Judge, Day, Johnson, and Ashburn, JJ. •concurred.